# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND ) <br> 1875 Connecticut Avenue, NW, Suite 600 ) <br> Washington, D.C. 20009 ) <br> ) <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> DEPARTMENT OF THE INTERIOR, ) <br> BUREAU OF LAND MANAGEMENT, ) <br> DOI OFFICE OF THE SECRETARY, and ) <br> DOI OFFICE OF THE SOLICITOR ) <br> 1849 C Street, NW ) <br> Washington, D.C. 20240 ) <br> ) <br> ) <br> Defendants.  ) | **COMPLAINT FOR DECLATORY <br> AND INJUNCTIVE RELIEF** <br><br> Case No.: _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      This case challenges the failure by the Department of the Interior ("DOI"),

Bureau of Land Management ("BLM"), DOI Office of the Secretary ("OS") and DOI Office of

the Solicitor ("SOL") (collectively, the "Defendants") to produce records relevant to efforts to

suspend, delay, repeal and/or revise the Waste Prevention, Production Subject to Royalties, and

Resource Conservation final rule ("Waste Prevention Rule" or "Rule"), 81 Fed. Reg. 83,008

(Nov. 18, 2016).  The Waste Prevention Rule took important steps to minimize waste of natural

gas on public and tribal lands, thereby conserving publicly owned resources and reducing

harmful air pollution.

1

2.      Seeking to understand the coordination between DOI, Congress, and industry groups regarding efforts to suspend, delay, repeal and/or revise the Waste Prevention Rule, the Environmental Defense Fund ("EDF") submitted six requests under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, *as amended*, whose scope included communications between various DOI entities and Congress, industry groups, and individuals.  Copies of these FOIA requests are attached as Attachments A-C.

3.      Although the statutory deadlines for responding to EDF's FOIA requests have passed, to date Defendants have not made determinations regarding the requests.  Nor does Defendants' interim production in response to one of the six FOIA requests filed by EDF constitute a reasonable search or represent a complete production of records to which EDF is entitled under FOIA.

4.      Defendants' delays and insufficient responses to EDF's FOIA requests deprive EDF and the public of critical information regarding the government's actions about the Waste Prevention Rule.  Such information is important for EDF and the public at large to support informed participation in administrative rulemaking processes involving the Waste Prevention Rule.  The Defendants' failure to provide this information directly impacts EDF's ability to effectively engage in, provide public oversight of, and disseminate full, accurate, and current information to the public regarding matters of significant public concern.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action, including the authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant" because this action arises under FOIA and the

Declaratory Judgment Act, pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, 28 U.S.C.

§§ 2201-2202.

6.      Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B), which provides

venue for FOIA cases in this district, and because the responsive records may be found in this

district.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. §

552(a)(4)(B).

## PARTIES

9.      Plaintiff ENVIRONMENTAL DEFENSE FUND is a 501(c)(3) nonprofit

organization.  Established in 1967, EDF is one of the world's largest environmental

organizations, with more than two million members and supporters, and a staff of 700 scientists,

economists, policy experts, and other professionals around the world.  EDF seeks to solve some

of the most critical environmental problems facing humanity, including climate change,

pollution, and toxic chemical exposure, and to educate the public about these problems.  The

development and defense of the Waste Prevention Rule has long been—and continues to be—an

integral piece of EDF's work.  EDF advocated for the creation of the Waste Prevention Rule,

participating in public listening sessions and filing written comments in May 2014, and filing

comments on the draft regulation in April 2016.  EDF also submitted comments in November

2017 opposing a proposed rule to suspend the Waste Prevention Rule.  EDF is currently engaged

in litigation regarding BLM's decision to suspend or delay certain requirements of the Waste

Prevention Rule, and is defending the Waste Prevention Rule against legal challenges filed by

3

industry and state petitioners.  EDF also submitted comments in response to a February 2018

proposed rule that would largely rescind the Waste Prevention Rule.

10.     Defendant DEPARTMENT OF THE INTERIOR is a cabinet-level federal agency

that contains and is responsible for overseeing the activities of BLM and the DOI OS and SOL,

and is subject to FOIA pursuant to 5 U.S.C. § 552(f).

11.     Defendant BUREAU OF LAND MANAGEMENT is part of DOI and has

possession and/or control of records subject to EDF's FOIA requests.

12.     Defendant OFFICE OF THE SECRETARY is part of DOI and has possession

and/or control of records subject to EDF's FOIA requests.

13.     Defendant OFFICE OF THE SOLICITOR is part of DOI and has possession

and/or control of records subject to EDF's FOIA requests.

## STATUTORY BACKGROUND

14.     "The basic purpose of FOIA is to ensure an informed citizenry, vital to the

functioning of a democratic society, needed to check against corruption and to hold the

governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242

(1978).  Thus, FOIA promotes government transparency by establishing the public's right to

access federal agency records with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

15.     FOIA requires federal government agencies to release, upon request, information

to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3)(A),

(b).  These exemptions are narrowly construed, and the agency bears the burden of establishing

the applicability of each exemption as to each document for which it is claimed. *See e.g., Dep't*

*of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 7-8 (2001) (citing *U.S. Dep't of*

*Justice v. Tax Analysts,* 492 U.S. 136, 151 (1989)).

4

16.     FOIA imposes strict and rigorous deadlines on federal agencies when they receive requests for records pursuant to FOIA.  Specifically, upon receiving a FOIA request, an agency must determine, and inform the requester, within twenty business days whether responsive documents exist and whether the agency will release them, the reasons behind the determination, and the requester's right to seek assistance from FOIA's public liaison; in case of an adverse determination, the agency must also provide information regarding the requester's right to appeal this determination and right to dispute resolution services.  5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16.

17.     FOIA allows agencies to delay their initial determination for ten business days if the agency can demonstrate that it faces "unusual circumstances" in responding to the request.  5 U.S.C. § 552(a)(6)(B); 43 C.F.R. § 2.19.  Even under unusual circumstances, an agency must provide notice of the delay and "the date on which a determination is expected to be dispatched." *Id*.

18.     FOIA requires agencies to make reasonable efforts to search for records in a manner reasonably calculated to locate all records responsive to the FOIA request.  5 U.S.C. § 552(a)(3)(C)-(D).

19.     FOIA requires agencies to promptly disclose requested records, 5 U.S.C. § 552(a)(3)(A), and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.  *See e.g., U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) ("The Freedom of Information Act was enacted to facilitate public access to Government documents. . . .  Consistently with this purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents.") (internal citations omitted).

20.     Where an agency determines that a statutory exemption applies to requested records, it shall take "reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii)(II).

21.     DOI's determination, production and/or lack of decision can be administratively appealed.  43 C.F.R. § 2.57.  DOI must respond in writing to an administrative appeal within 20 working days.  5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. §§ 2.61(a) and 2.62(a).

22.     A FOIA requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL ALLEGATIONS

### A.  The Waste Prevention Rule

23.     BLM adopted the Waste Prevention Rule in November of 2016 to address the problem of wasted natural gas on public and tribal lands.  The Rule was the product of an extensive public notice and comment process which included stakeholder engagement hearings and over 330,000 public comments.  81 Fed. Reg. 83,008, 83,010.

24.     The Waste Prevention Rule includes requirements for operators to: capture a certain percentage of gas they produce; upgrade or replace equipment; and implement leak detection and waste minimization plans.  BLM projected that these updates would deliver significant public benefits, including reducing wasteful venting of natural gas by 35%, reducing flaring by 49%, and preventing harmful air pollution.  *Id.* at 83,014.

25.     The Waste Prevention Rule became effective January 17, 2017, and the first round of leak detection inspections were to be completed by January 17, 2018.  *Id.* at 83,033.

26.     On January 30, 2017, a joint resolution was introduced in the House of Representatives to nullify the Waste Prevention Rule pursuant to the Congressional Review Act, 5 U.S.C. § 801; *see* H.R.J. Res. 36, 115th Cong. (2017) (the "Waste Prevention CRA").  The resolution passed in the House, but a motion to consider was rejected by the Senate on May 10, 2017.

27.     On June 15, 2017, BLM postponed the compliance dates for certain sections of the Waste Prevention Rule.  82 Fed. Reg. 27,430.  This suspension was vacated on October 4, 2017 by the United States District Court for the Northern District of California.  17-cv-03804-EDL (Order Granting Plaintiffs' Motions for Summary Judgment).

28.     On October 5, 2017, BLM issued a proposed rule to suspend or delay certain requirements of the Waste Prevention Rule until January 17, 2019.  82 Fed. Reg. 46,458 (Oct. 5, 2017) ("Suspension Proposal").  The public comment period for this proposed rule ended on November 6, 2017.

29.     On December 8, 2017, BLM promulgated a final rule suspending or delaying certain requirements of the Waste Prevention Rule.  82 Fed. Reg. 58,050 (Dec. 8, 2017).  After EDF and others sued, the Northern District of California issued a preliminary injunction against the suspension on February 22, 2018.  17-cv-07186-WHO (Order Denying Motion to Transfer Venue and Granting Preliminary Injunction).

**B.  EDF's FOIA Requests**

30.     As described in paragraphs 34-66 below, EDF filed two sets of FOIA requests with BLM, OS and SOL.  The first set, filed in May 2017, included requests for records regarding communications and meetings between DOI and Congress, particularly as relates to the Waste Prevention CRA.  The second set, filed in November 2017, included requests for

records regarding communications between DOI and private organizations, such as oil and gas trade associations, regarding the Waste Prevention CRA and related topics.  (See Attachments A-C for copies of the FOIA requests.)

31.     In the time since EDF filed its FOIA requests, DOI has opened (on October 5, 2017) and closed (on November 6, 2017) a public comment period on a proposal to delay or suspend portions of the Waste Prevention Rule.  EDF submitted comments but had to do so without the information sought by its FOIA requests, which EDF believes are is potentially relevant to DOI's plans with respect to suspending or further repealing or modifying the Waste Prevention Rule.

32.     As described in paragraphs 34-66 below, the Defendants are largely either not responding at all to EDF's FOIA requests or are playing "hot potato" with their responses.  For example, with respect to the May 2017 FOIA requests, BLM informed EDF that OS would respond to EDF's request for BLM records, but OS informed EDF that it would not be reviewing BLM's records (see paragraphs 36 and 39 below).  Plaintiff has no assurance that anyone within DOI will search for responsive records at BLM as required by Plaintiff's May 8, 2017 FOIA request.

33.     As described in paragraphs 50-51 below, even where a Defendant is communicating with EDF about its FOIA requests, the Defendant is failing to identify responsive documents that a reasonable search would uncover.

**C.  May 8, 2017 FOIA Request to BLM (BLM-2017-00689)**

34.     On May 8, 2017, EDF submitted a FOIA request to BLM for records related to the Waste Prevention CRA.  See Attachment A.

35.     On June 8, 2017, BLM acknowledged EDF's request via an email from Maritiza Harris.  See Attachment D.

36.     On July 7, 2017, BLM informed EDF via an email from Ms. Harris that, "[t]he information that you are seeking will be found at the Office of the Secretary, DOI. They will be responding directly to you.  This completes the Bureau of Land Management response to your request." See Attachment E.

37.     On July 7, 2017, responding to a phone call and follow-up email from EDF, BLM clarified in an email from Ms. Harris that handling of the FOIA request by OS did not mean that "BLM does not have access to or control of any potentially responsive records." See Attachment F.

38.     On July 28, 2017, EDF asked BLM, via an email to Ms. Harris, whether BLM considered the July 7, 2017 email to be its "final, appealable determination with respect to the request." See Attachment G.  BLM did not respond to this inquiry.

39.     On August 3, 2017, OS informed EDF, via email from Deputy FOIA Officer Ryan McQuighan, that, in responding to EDF's FOIA request to OS, OS "will coordinate with BLM if our records turn up any emails where BLM was included, but we will not see [sic] out additional emails from BLM based on a search of OS records.  We will not be searching for BLM's records and I cannot assure that we will have all responsive records from BLM." See Attachment H.

40.     On August 10, 2017, EDF filed an administrative appeal regarding the May 2017 FOIA request to BLM.  See Attachment I.

41.     Defendants did not respond to the administrative appeal within or after the statutory 20 working day response time.  5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

42.     DOI's "Track your FOIA request" web portal ("web portal") provides the Request Status for EDF's May 2017 FOIA request to BLM as "Closed."[1]

**May 8, 2017 FOIA Request to OS (OS-2017-00541)**

43.     On May 8, 2017, EDF submitted a FOIA request to OS for records related to the Waste Prevention CRA.  See Attachment A.

44.     On May 9, 2017, OS acknowledged EDF's request via an email from Clarice Julka, FOIA Officer in the Office of the Secretary.  See Attachment J.

45.     On July 6, 2017, EDF spoke by phone with Cynthia Sweeney, Office of the Secretary.  As summarized in a follow-up email sent by EDF, Ms. Sweeney informed EDF that OS had received records from one person, was awaiting additional records, would review documents after receiving all responsive records, and expected to make a production to EDF within one to two weeks.  See Attachment K.

46.     On July 19, EDF spoke by phone with Ms. Sweeney, Office of the Secretary.  As summarized in a follow-up email sent by EDF, Ms. Sweeney stated that OS was still waiting to receive records from various Program Offices and would review potentially responsive records once it received them.  See Attachment L.

47.     On August 3, 2017, OS provided EDF, via an email from Mr. McQuighan, an update on the search for responsive records, including that the FOIA request had just been forwarded to additional offices.  See Attachment H.

48.     On October 25, 2017, EDF received via U.S. mail what OS described as a "partial response" to its May 8, 2017 FOIA request.  See Attachment M (cover letter to

---

[1] Track Your FOIA Request Program, Freedom of Information Act Program, Department of Interior, https://foia.doi.gov/requeststatus/Foia.do (last checked May 8, 2018).

production).  Several documents had information redacted; EDF does not object to these

redactions.

49.     On November 3 and 17, 2017, EDF spoke by phone with Mr. McQuighan of OS

and, as summarized in follow-up emails from EDF: (i) OS informed EDF that it was continuing

to distribute EDF's FOIA request to offices and staff with potentially responsive records; (ii) OS

did not provide an estimated date of production; and (iii) Secretary Zinke was not in possession

of responsive records.  See Attachment N.

50.     On December 1, 2017, EDF brought to OS' attention two instances of

correspondence between Secretary Zinke and Congressional representatives related to the Waste

Prevention Rule.  This correspondence was referenced in a publicly available log of Political

Correspondence.[2]  See Attachment O.

51.     On December 1, 2017, OS agreed that one of the documents identified by EDF (as

described in paragraph 50) was responsive to EDF's FOIA request and provided a copy via email

from Clarice Julka.  See Attachment P.

52.     On January 19, 2018, EDF called Mr. McQuighan, who explained that the review

of some additional documents was ongoing.  With respect to other documents, Mr. McQuighan

explained that he was still waiting for offices within DOI to provide responsive records.

53.     OS has not provided an estimated date for the remainder of its production.

**May 10, 2017 FOIA Request to SOL (SOL-2017-00160)**

54.     On May 10, 2017, EDF submitted a FOIA request to SOL for records related to

the Waste Prevention CRA.  See Attachment B.  (EDF filed the request based on May 9, 2017

---

[2] *Available at*
https://www.doi.gov/sites/doi.gov/files/uploads/2017_political_correspondence_log_full_fy_2017.pdf (last checked May 8, 2018).

correspondence from Ms. Clarice Julka, FOIA Officer in OS, which stated that "[w]e believe some of the records you are seeking may be found within the Office of the Solicitor (SOL).  You may want to file a separate request with them . . . ." See Attachment J.)

55.     On May 11, 2017, SOL acknowledged EDF's request via an email from Mr. Lance Purvis, FOIA Officer in the Office of the Solicitor.  See Attachment Q.

56.     On June 13, July 6, and July 12, 2017, EDF called and left voice messages for SOL contact Lance Purvis requesting updates on the SOL's response to EDF's FOIA Request.

57.     On July 28, 2017, EDF emailed SOL's public FOIA email address, sol.foia@sol.doi.gov, informing SOL of Mr. Purvis' lack of response to EDF's outreach and requesting an update.  See Attachment R.  SOL did not respond to or acknowledge this communication.

58.     On August 16, 2017, EDF emailed SOL and requested an update on SOL's response to EDF's FOIA Request.  See Attachment S.  SOL did not respond to or acknowledge this communication.

59.     The statutory time period for responding to EDF's FOIA request has long since lapsed.  5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

**November 17, 2017 FOIA Requests to BLM, OS, and SOL**

60.     On November 17, 2017, EDF submitted a second set of FOIA requests to BLM, OS, and SOL requesting records relating to the Waste Prevention CRA.  See Attachment C.

61.     EDF asked for expedited processing in each of the November 2017 FOIA requests.

62.     Defendants did not respond to EDF's request for expedited processing within the ten calendar day deadline to do so.  5 U.S.C. § 552(a)(6)(E)(ii)(I), 43 C.F.R. § 2.20(d).

63.     In a letter that EDF received on December 5, 2017, SOL confirmed receipt of the November 2017 FOIA request and provided a tracking number (SOL-2018-00041), but did not address the request for expedited processing.  See Attachment T.

64.     In a phone conversation on December 6, 2017, Ms. Sweeney from OS confirmed receipt of the November 2017 FOIA request and provided a tracking number (OS-2018-00323).

65.     EPA attempted to confirm BLM's receipt of its November 2017 FOIA request by (i) calling two phone numbers listed on BLM's FOIA website on December 6, 2017, but both phone calls were redirected to voice mailboxes that did not identify BLM, (ii) sending an email to BLM's FOIA address on December 6, 2017, see Attachment U, to which EDF has received no response, and (iii) attempting to send a fax to the number provided on BLM's FOIA website on December 8, 2017, but the fax did not go through.  See Attachment V.  On March 30, 2018, roughly four-and-a-half months after EDF submitted the request, BLM sent EDF an email acknowledgment.  See Attachment W.  This acknowledgment did not accurately summarize EDF's FOIA request, address EDF's requests for a fee waiver and expedited processing, or provide an estimated date for document production.

66.     Defendants did not provide a determination regarding the November 2017 FOIA requests within the statutory timeframes required by FOIA and DOI's regulations.  5 U.S.C. § 552(a)(6)(A)(ii); 43 C.F.R. § 2.62(a).

## COUNT ONE

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to make a timely determination on Plaintiff's FOIA requests

67.     EDF re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

13

68.     EDF, through its May 8, 2017, May 10, 2017, and November 17, 2017 FOIA requests, properly asked for records within the control of the Defendants.

69.     EDF has a statutory right to a final determination from Defendants on its FOIA requests in a manner that complies with FOIA.  Defendants have violated EDF's rights in this regard by unlawfully delaying their response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(4)(A)(viii) (granting agencies a ten day extension if "unusual circumstances apply" and "the agency provided a timely written notice"), 552(a)(6)(A)(i)-(ii) (setting a twenty day deadline for FOIA request determinations), 552(a)(6)(E)(ii)(I) (providing a ten day deadline for the determination of expedited process requests).

70.     EDF's organizational activities will be adversely affected if Defendants are allowed to continue violating FOIA's decision deadlines.

## COUNT TWO

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**Failure to provide the records responsive to Plaintiff's FOIA requests**

71.     EDF re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

72.     Defendants are violating FOIA by refusing to disclose the records responsive to EDF's FOIA requests.

73.     EDF has a statutory right to the records it seeks.

74.     EDF's organizational activities will be adversely affected if Defendants continue to violate FOIA's disclosure provisions as it has in this case.

## COUNT THREE

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**Failure to adequately search for records responsive to Plaintiff's FOIA requests**

75.     EDF re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

76.     EDF has a statutory right to have Defendants process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  Defendants are violating EDF's rights by failing to undertake a search reasonably calculated to locate all records that are responsive to EDF's FOIA requests.

77.     EDF's organizational activities will be adversely affected if Defendants continue to violate FOIA's disclosure provisions as it has in this case.

## COUNT FOUR

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**Failure to provide reasonably segregable portions of any lawfully exempt records**

78.     EDF re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

79.     Plaintiff has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions.  5 U.S.C. § 552(a)(8)(A)(ii)(II).

80.     Defendants are violating EDF's rights to the extent they are withholding reasonably segregable portions of any records that are responsive to EDF's FOIA Requests.

81.     EDF's organizational activities will be adversely affected if Defendants are allowed to continue violating FOIA's disclosure requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendants DOI, BLM, OS, and SOL to conduct searches reasonably calculated to locate all records responsive to EDF's May 8, 2017, May 10, 2017, and November 17, 2017 FOIA requests, and provide EDF, by a specified date, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

(2) Declare that Defendants' failures to timely make determinations on EDF's May 8, 2017, May 10, 2017 and November 17, 2017 FOIA requests are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii);

(3) Declare that Defendants' failures to promptly provide records responsive to EDF's May 8, 2017, May 10, 2017 and November 17, 2017 FOIA requests are unlawful under FOIA, U.S.C. § 552(a)(3)(A);

(4) Declare that Defendants' failures to timely undertake a reasonable search for records responsive to EDF's May 8, 2017, May 10, 2017 and November 17, 2017 FOIA requests are unlawful under FOIA, U.S.C. § 552(a)(3)(C);

(5) Retain jurisdiction of this action to ensure the processing of EDF's FOIA requests and that Defendants do not wrongfully withhold any responsive records;

(6) Award EDF reasonable attorney fees and litigation costs in this action, 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.


DATED:  May 10, 2018                                    Respectfully submitted,

  /s/ Benjamin Michael Levitan
D.D.C. Bar #NY0253
Environmental Defense Fund
1875 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20009
Tel: (202) 572-3318
Email: blevitan@edf.org

/s/ Aladdine Joroff
(motion for *pro hac vice* status pending)
Emmett Environmental Law & Policy Clinic
Harvard Law School[3]
6 Everett Street, Suite 4119
Cambridge, MA 02138
Tel: (617) 495-5014
Email: ajoroff@law.harvard.edu

*Attorneys for the Plaintiff*

---

[3] We would like to acknowledge the contributions to this complaint by Paola Eisner and Paras Shah, second-year students in the Emmett Environmental Law & Policy Clinic at Harvard Law School.

**ATTACHMENTS**

Attachment A (May 8, 2017 FOIA Request to BLM and OS)

Attachment B (May 10, 2017 FOIA Request to SOL)

Attachment C (November 17, 2017 FOIA Request to BLM, OS and SOL)

Attachment D (June 8, 2017 email from BLM to EDF acknowledging request)

Attachment E (July 7, 2017 email from BLM to EDF stating request will be handled by OS)

Attachment F (July 7, 2017 email from BLM to EDF)

Attachment G (July 28, 2017 EDF email to BLM)

Attachment H (August 3, 2017 email from OS to EDF discussing BLM records)

Attachment I (August 10, 2017 EDF administrative appeal of BLM response to May 8, 2017

FOIA Request, without attachments)

Attachment J (May 9, 2017 email from OS to EDF acknowledging request)

Attachment K (July 6, 2017 email from EDF to OS)

Attachment L (July 19, 2017 email from EDF to OS)

Attachment M (October 17, 2017 OS cover letter to EDF with partial production of records)

Attachment N (November 3 & November 17, 2017 emails from EDF to OS)

Attachment O (December 1, 2017 email from EDF to OS identifying public references to

potentially responsive records)

Attachment P (December 1, 2017 OS email to EDF of production of a responsive record)

Attachment Q (May 11, 2017 email from SOL to EDF acknowledging request)

Attachment R (July 28, 2017 email from EDF to SOL)

Attachment S (August 16, 2017 email from EDF to SOL)

Attachment T (December 5, 2017 email from SOL to EDF confirming receipt of Nov. 17, 2017

18

FOIA Request)

Attachment U (December 6, 2017 email from EDF to BLM FOIA address)

Attachment V (December 8, 2017 unsuccessful fax from EDF to number on BLM FOIA

website)

Attachment W (March 30, 2018 email from BLM to EDF acknowledging Nov. 17, 2017

FOIA Request)